IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL HARVEY, | : |
| v. | : C.A. No. 04-1393 |
| DOLLAR TREE STORES, INC. | : |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER**

I.  INTRODUCTION AND BACKGROUND

In October 2004, plaintiff filed the instant Complaint against defendant Dollar Tree Stores, Inc. ("Dollar Tree"). Plaintiff alleges he was terminated from his position as a cashier on the basis of his sex in violation of Title VII of the Civil Rights Act of 1964 (Count I), and the covenant of good faith and fair dealing (Count II). Defendant filed an Answer listing nine affirmative defenses. The affirmative defenses pled in the original Answer include:

1. "Plaintiff's claims are barred in whole or in part because they fail to state a claim." (First Affirmative Defense); and

2. "Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as set unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses would be appropriate. Defendant preserves herein any and all other defenses it may have in this case." (Ninth Affirmative Defense).

Pursuant to this Court's Scheduling Order, the parties have until September 1, 2005 to conduct discovery. Defendant has taken the plaintiff's deposition. There has been some exchange of written discovery and documents. Plaintiffs have not yet taken any depositions and

all depositions of defense witnesses will be taken over the next three weeks. There are three weeks remaining in the discovery period.

Defendant now moves to amend its Answer to plaintiff's Complaint, with the amendment being nothing more than the addition of a "mixed motives" defense. The proposed First Amended Answer is attached to the Motion as Exhibit A. A form of the proposed First Amended Answer which indicates how it differs from the original Answer, through the use of underlining as required by Delaware Local Rule 15.1, is attached hereto as Exhibit B. Defendant now moves to amend the Answer to add its tenth defense because during plaintiff's July 6, 2005 deposition (the transcript of which was just received by defense counsel on August 11, 2005), plaintiff made allegations demonstrating that he might not necessarily be proceeding only on a pretext theory but might instead attempt to prove his case through the use of allegedly "direct evidence" of discrimination. Defendant's additional defense in the proposed First Amended Answer merely states more explicitly and specifically that, in light of the information learned at plaintiff's deposition, defendant may thus assert a "mixed motives" defense in this action -- i.e., that even if the Company was motivated in part by an unlawful factor for its actions, the Company would have made the same decision to terminate the plaintiff even in the absence of the unlawful motivating factor. See generally Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003) (explaining mixed motives defense to employment discrimination claims); Watson v. SEPTA, 207 F.3d 207 (3d Cir. 2000) (same). The text of this tenth proposed defense is:

> 10. "Even if plaintiff demonstrates that Dollar Tree was motivated in part by an unlawful motivating factor, the Company would have taken the same action even in the absence of an impermissible motivating factor."

Defendant is seeking to amend its Answer now to ensure that plaintiff and the Court are fully on notice of the issues to be litigated and to ensure against any claim of prejudice

by plaintiff later in this litigation. On August 12, 2005, defense counsel contacted plaintiff's counsel and informed him of defendant's intention to raise the "mixed motives" defense. Defense counsel explained the basis for this proposed defense to plaintiff's counsel. Plaintiff's counsel stated he had no objection to the proposed Amendment.

As shown herein, defendant' Motion should be granted under the liberal standards for amendments, particularly because: (1) the amendment is just a more explicit statement of the more general affirmative defenses pled in the original Answer; (2) plaintiff will suffer no prejudice if leave is granted to file the First Amended Answer; and (3) plaintiff has consented to the Amendment. For any and all of the reasons stated herein, the Motion should be granted.

II.   ARGUMENT

F.R.Civ.P. 15(a) states that a party's pleading may be amended by leave of court and provides that "leave shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the plaintiff moved to amend the complaint to plead an alternative theory for recovery after the district court had dismissed the original complaint. In reversing the district court's denial of that motion, the Supreme Court stressed the liberality inherent in Rule 15(a) and articulated the following standard for evaluating motions for leave to amend pleadings:

> Rule 15(a) declares that leave to amend 'shall be freely, given when justice so requires'; this mandate is to be heeded. . . . In the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the Rules require, be freely given.

Id. at 182.

The Third Circuit Court of Appeals has applied the Foman standard and the plain language of Rule 15(a) in liberally allowing amendments to pleadings at all stages of litigation.

See, e.g., Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1374 (3d Cir. 1993) (unpled affirmative defense allowed to be added through summary judgment motion); Charpentier v. Gogsil, 937 F.2d 859, 864 (3d Cir. 1991) (affirmative defense could be raised by individual defendant even after verdict returned); Dole v. Arco Chemical Co., 921 F.2d 484, 486-488 (3d Cir. 1990) (amendment to OSHA complaint permitted after defendant filed summary judgment motion); Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 613-615 (3d Cir. 1987) (amendment of complaint fifteen months after the filing of the original complaint permitted).

Other circuit courts of appeals have routinely allowed the assertion of a mixed-motives defense even *well after* the close of discovery. See Donovan v. Milk Marketing, Inc., 243 F.3d 584 (2d Cir. 2001) (affirming district court's giving mixed-motive charge where defense not raised until pre-trial memoranda; mixed motive is not an affirmative defense which must be pled in Answer); Pulliam v. Tallapoosa County Jail, 185 F.3d 1182 (11th Cir. 1999) (employer's mixed-motives defense to former employee's retaliation claim not waived by its failure to plead defense in its answer, where it gave sufficient notice to plaintiff in the pretrial order).

In Dole, in reversing a district court's denial of a motion to amend the complaint (which was made after the defendant had filed a summary judgment motion), the Third Circuit stressed the "strong liberality" in allowing pleading amendments and set the standard as follows:

> In evaluating challenges to the denial of opportunity to amend we have held consistently that leave to amend should be granted freely. This approach ensures that a particular claim will be decided on the merits rather than on technicalities.

921 F.2d at 486-87 (citations omitted). After noting that "amendment may be permitted at any point during the course of litigation," 921 F.2d at 488, the Court then evaluated the proposed amendment under the above-quoted Foman factors and placed the burden on the non-movant to

establish sufficient prejudice as to warrant denial of the amendment -- a showing that the non-movant could not make. In evaluating the issue of prejudice in the context of a proposed amendment, the Court held in <u>Dole</u> that:

> A mere claim of prejudice is not sufficient; there must be some showing that Arco was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely. . . .
>
> In order to make the required showing of prejudice, regardless of the stage of the proceedings, Arco is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed.

921 F.2d at 488 (citations and quotation marks omitted). The Court rejected the claim that a need for additional discovery was prejudicial and otherwise held that a showing of sufficient prejudice was not made by the non-movant. In holding that the amendment should have been allowed, the Court also noted that amendments which just set forth additional legal standards that would be decided on essentially the same set of facts as the original pleading should be allowed, as "reference to an additional legal standard is not prejudicial." <u>Id.</u> (citation and quotation marks omitted); <u>see also</u>, <u>Mamiye</u>, 813 F.2d at 615 (amendment designed to clarify litigation position should be allowed).

Under these standards, defendant's Motion should be granted. First, the proposed amendment is just a more explicit, specific statement of the general defenses that were pled in the original Answer. Through the original Answer, plaintiff was already on notice of a "failure to state a claim" defense and that defendant had preserved the right to raise "additional defenses in the event discovery indicates additional defenses would be appropriate." The proposed amendment just compliments the existing, more general defenses pled in the original Answer. It merely specifically identifies a potential legal defense defendant may raise as a result of

information learned during discovery. The proposed amendment does not change or alter the litigation of this case and should not even generate additional discovery needs.

Second, plaintiff will suffer no prejudice by the proposed amendment. Plaintiff's ability to present his case will not be impaired by the amendment, and it will not deprive plaintiff of the opportunity to present any facts or witnesses. The proposed amendment does not interject new or unique facts into the case, but rather just presents a specific defense to a general discrimination claim. Additional discovery should not be needed by virtue of the amendments, and even if it were, plaintiff will suffer no prejudice because discovery has not closed, written discovery is still continuing, and plaintiff has not yet taken any depositions of defense witnesses, so he will be able to explore the added defense by questioning defense witnesses about it in the three weeks which remain in the discovery period. If pleading amendments are liberally allowed by the Third Circuit Court of Appeals and are not viewed as prejudicial at the summary judgment stage or even later, then surely defendant's proposed Amended Answer with three weeks remaining in discovery should be allowed. See e.g., Charpentier, 937 F.2d at 864 ("defendant does not waive an affirmative defense if he raised the issue at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond").

Finally, plaintiff has consented to the Amendment, thus demonstrating he would suffer no prejudice. This Motion is also the first time defendant has sought leave to Amend its Answer, and was brought promptly upon receipt of plaintiff's deposition transcript.

In sum, the "strong liberality" inherent in Rule 15(a) compels the granting of defendant's Motion to Amend its Answer.

III. <u>CONCLUSION</u>

For any and all of the reasons presented herein, the Court should grant defendant's Motion and grant leave for the filing of Defendant's First Amended Answer.

                        KLETT ROONEY LIEBER & SCHORLING

                        _____
                        James D. Taylor, Jr. (#4009)
                        1000 West Street, Suite 1410
                        Wilmington, DE  19801
                        (302) 552-4200

                                    and

Elizabeth A. Malloy *(admitted pro hac)*
George A. Voegele, Jr. *(admitted pro hac)*
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
Philadelphia, PA  19103

*Attorneys for Defendant*

August 16, 2005