# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL HARVEY, | : | |
| | : | |
| v. | : | C.A. No. 04-1393 |
| | : | |
| DOLLAR TREE STORES, INC. | : | |

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT DOLLAR TREE STORES, INC.**

Defendant Dollar Tree Stores, Inc. ("Defendant" or the "Company"), by and through its attorneys, answers the Complaint of Plaintiff Paul Harvey in accordance with the numbered paragraphs thereof as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

2. Defendant admits the allegations in this paragraph.

3. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendant admits that at the time Plaintiff was employed, it was an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act.

4. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over the Title VII claim by virtue of 42 U.S.C. 2002-5(f)(3) and 28 U.S.C. 1343.

5. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendant admits

247483

- 2 -

that venue is proper in the state of Delaware. Defendant denies that it violated Plaintiff's rights in any way.

6. Defendant admits that Plaintiff's Complaint asserts a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. based on the allegations of discrimination against him on account of his sex. Defendant denies that it violated Title VII. The remaining allegations are denied.

7. Defendant admits the allegations in this paragraph.

8. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

11. Defendant admits the allegations in this paragraph.

12. Defendant denies the allegations in this paragraph.

13. Defendant admits that on or about February 27, 2003, Plaintiff reported that he was involved in an automobile accident. Defendant admits that Plaintiff's employment was subsequently terminated because Plaintiff reported that he could not work and did not report to work.

14. Defendant admits that Plaintiff was re-hired by Defendant at the #53 store located in Dover, Delaware. Defendant admits that Plaintiff was supervised by Mary Poole, Manager, and at times by Barbara Boley, Assistant Manager. Defendant is without knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations as to when Plaintiff was released to return to work, and as such those allegations are denied. Defendant denies that Plaintiff was training for an Assistant Manager position at the # 53 store. The remaining allegations are denied.

15. Defendant denies the allegations in this paragraph.

16. Defendant admits that Plaintiff's employment was terminated effective June 21, 2003. The remaining allegations are denied.

17. Defendant denies the allegations in this paragraph.

18. Defendant denies the allegations in this paragraph.

19. Defendant denies the allegations in this paragraph.

20. Defendant denies the allegations in this paragraph.

## COUNT I – TITLE VII VIOLATIONS

21. Defendant hereby restates and incorporates by reference its responses to paragraphs 1 through 22 above as if fully set forth herein.

22. Defendant denies the allegations in this paragraph.

23. Defendant denies the allegations in this paragraph.

## COUNT II – COVENANT OF GOOD FAITH AND FAIR DEALING

24. Defendant hereby restates and incorporates by reference its responses to paragraphs 1 through 23 above as if fully set forth herein.

25. Defendant denies the allegations in this paragraph.

26. Defendant denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part because they fail to state a claim.

2. Plaintiff's claims are barred in whole or in part to the extent they exceed the scope of the charge of discrimination filed with the Equal Employment Opportunity Commission and any charges cross-filed with the Delaware Department of Labor.

3. Plaintiff's claims are barred in whole or in part to the extent he has not exhausted administrative remedies by filing a timely charge of discrimination.

4. Plaintiff's claims are barred in whole or in part by his failure to mitigate damages.

5. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

6. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and waiver.

7. Plaintiff's claims for damages are barred in whole or in part by the exclusive remedy provision of Delaware's Workers' Compensation Law.

8. Plaintiff was employed at-will.

9. Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses would be appropriate. Defendant preserves herein any and all other defenses it may have in this case.

10. Even if plaintiff demonstrates that Dollar Tree was motivated in part by an unlawful motivating factor, the Company would have taken the same action even in the absence of an impermissible motivating factor.

WHEREFORE, Defendant Dollar Tree Stores, Inc. respectfully requests that the Complaint be dismissed with prejudice, and judgment entered in favor of Defendant and against Plaintiff, and Defendant be awarded its reasonable costs and attorneys fees and whatever additional relief the Court deems appropriate.

KLETT ROONEY LIEBER & SCHORLING

_____
James D. Taylor, Jr. (#4009)
1000 West Street, Suite 1410
Wilmington, DE  19801
(302) 552-4200

and

Elizabeth A. Malloy *(admitted pro hac)*
George A. Voegele, Jr. *(admitted pro hac)*
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
Philadelphia, PA  19103

*Attorneys for Defendant*

August 16, 2005